# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DAVID HARTMAN<br>1104 West Chestnut Street<br>Mount Vernon, Ohio 43050,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>TECH INTERNATIONAL (JOHNSTOWN),<br>LLC<br>244 East Coshocton Street<br>Johnstown, Ohio 43031<br><br>　　**Serve Also:**<br>　　Tech International (Johnstown), LLC<br>　　c/o Joseph P. Boeckman<br>　　200 Civic Center Drive, Suite 1200<br>　　Columbus, Ohio 43215<br><br>　　　　　Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, David Hartman, by and through undersigned counsel, as his Complaint against Defendant Tech International (Johnstown), LLC ("Tech International"), states and avers the following:

## PARTIES, VENUE, & JURISDICTION

1. Hartman is a resident of the city of Mount Vernon, Knox County, Ohio.

2. At all times herein, Hartman was acting in the course and scope of his employment.

3. Tech International is a domestic corporation that does business at 244 East Coshocton Street, Johnstown, Licking County, Ohio 43031 ("Johnstown Location").

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hartman is alleging a Federal Law Claim under the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*;

and Families First Coronavirus Response Act ("FFCRA"), Pub. L No 116-117, 134 Stat. 178 (2020).

5. All material events alleged in this Complaint occurred in Licking County, Ohio.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

7. On or about September 4, 2018, Hartman began working for Tech International.

8. Tech International initially employed Hartman as a shipping picker/packer clerk.

9. In or about May 2019, Tech International promoted Hartman to the position of shipping coordinator.

10. In or about July 2020, Tech International promoted Hartman to the position of shipping supervisor.

11. Tech International was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

12. At all times after September 4, 2019, Hartman was employed by Tech International for at least 12 months and had at least 1,250 hours of service with Tech International and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

13. On or about December 4, 2020, Hartman's sixteen-year-old son was quarantined by the Ohio Department of Health due to COVID-19.

14. On or about December 4, 2020, Hartman asked Michelle BeVier for leave to care for his son ("Request for Leave").

15. BeVier was Distribution Center Manager for Tech International.



16. BeVier was Hartman's direct manager.

17. In the Request for Leave, Hartman explained that his sixteen-year-old son was quarantined by the Ohio Department of Health due to COVID-19.

18. On or about December 4, 2020, Hartman qualified for leave under FMLA.

19. On or about December 4, 2020, Hartman qualified for leave under FFCRA.

20. BeVier denied Hartman's Request for Leave.

21. On or about December 4, 2020, after Hartman's meeting with BeVier, Hartman received a phone call from Cheryl Wampler ("Call from Wampler").

22. Wampler was Human Resources Director for Tech International.

23. On or about December 4, 2020, Tech International terminated Hartman's employment ("Termination").

24. In the Call from Wampler, Wampler informed Hartman about the Termination.

25. Tech International has a progressive disciplinary policy ("Discipline Policy").

26. A verbal warning is the lowest level of discipline in the Discipline Policy.

27. Hartman did not receive a verbal warning before the Termination.

28. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

29. Hartman did not receive a written warning before the Termination.

30. A termination is the highest level of discipline in the Discipline Policy.

31. Tech International knowingly skipped progressive disciplinary steps in terminating Hartman.

32. Tech International knowingly terminated Hartman's employment.

33. Tech International knowingly took an adverse employment action against Hartman.

34. Tech International knowingly took an adverse action against Hartman.

35. Tech International intentionally skipped progressive disciplinary steps in terminating Hartman.

The Employee's Attorney.™

36. Tech International intentionally terminated Hartman's employment.

37. Tech International intentionally took an adverse employment action against Hartman.

38. Tech International intentionally took an adverse action against Hartman.

39. Tech International knew that skipping progressive disciplinary steps in terminating Hartman would cause Hartman harm, including economic harm.

40. Tech International knew that terminating Hartman would cause Hartman harm, including economic harm.

41. Tech International willfully skipped progressive disciplinary steps in terminating Hartman.

42. Tech International willfully terminated Hartman's employment.

43. Tech International willfully took an adverse employment action against Hartman.

44. Tech International willfully took an adverse action against Hartman.

45. On or about December 4, 2020, Tech International terminated Hartman's employment in order to interfere with his ability to use qualified FMLA leave.

46. On or about December 4, 2020, Tech International terminated Hartman's employment in order to interfere with his ability to use qualified FFCRA leave.

47. As a direct and proximate result of Tech International's conduct, Hartman suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

48. Hartman restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.



50. Tech International is a covered employer under FMLA.

51. During his employment, Hartman qualified for FMLA leave.

52. During his employment, Hartman attempted to request FMLA leave by asking BeVier for leave to care for his son.

53. Tech International failed to advise Hartman properly of his rights under FMLA.

54. On or about December 4, 2020, Tech International terminated Hartman's employment in order to prevent him for using qualified FMLA leave.

55. Tech International unlawfully interfered with Hartman's exercise of his rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

56. Tech International violated section 825.300(c)(1) of FMLA and interfered with Hartman's FMLA rights when Tech International did not honor Hartman's approved use of FMLA leave.

57. As a direct and proximate result of Tech International's conduct, Hartman is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: VIOLATION OF FFCRA

58. Hartman restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

59. Tech International has fewer than 500 employees.

60. As of December 4, 2020, Hartman worked for Tech International for more than 30 days.

61. On or about December 4, 2020, the Ohio Department of Health quarantined Hartman's son due to COVID-19.

62. On or about December 4, 2020, Hartman requested leave due to his son's COVID-19.

63. On or about December 4, 2020, Hartman qualified for paid leave under FFCRA.



64. After Hartman requested leave, Tech International terminated Hartman's employment.

65. On or about December 4, 2020, Tech International terminated Hartman's employment because he requested FFCRA leave.

66. As a direct and proximate result of Tech International's wrongful conduct, Hartman is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Hartman respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Tech International to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;



(b) Issue an order requiring Tech International to restore Hartman to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Hartman for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of liquidated against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Hartman claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff David Hartman*

## JURY DEMAND

Plaintiff Hartman demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

